IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| TUCKEY FONE | § | PLAINTIFF |
| | § | |
| V. | § | Civil No. 1:08CV1343-HSO-RHW |
| | § | |
| AUDUBON INSURANCE COMPANY | § | |
| a/k/a AUDUBON INSURANCE GROUP, | § | |
| MISSISSIPPI WINDSTORM | § | |
| UNDERWRITING ASSOCIATION, and | § | |
| JOHN DOES 1-10 | § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER REMANDING CASE TO STATE COURT AND DENYING DEFENDANTS' MOTIONS TO DISMISS AS MOOT**

BEFORE THE COURT are the Motions to Dismiss of Defendant Audubon Insurance Company ["Audubon"], filed on February 5, 2009 [18], and of Defendant Mississippi Windstorm Underwriting Association ["MWUA"], filed February 10, 2009 [21]. Plaintiff Tuckey Fone ["Plaintiff"] has filed a Combined Response [23], and Audubon and MWUA have filed a Joint Reply [24] and Joint Supplemental Reply [25]. After consideration of the Motions, the pleadings, the record in this case, and the relevant legal authorities, and for the reasons discussed below, the Court finds that this case should be remanded, and both Motions to Dismiss therefore denied.

I. BACKGROUND

Plaintiff initiated this lawsuit by filing his Complaint in the Circuit Court of Harrison County, Mississippi, Second Judicial District, on August 27, 2008. *See* Compl. Plaintiff named State Farm Fire and Casualty Company ["State Farm"] and fictitious parties John Does 1-10, as Defendants. *See id*. Plaintiff stated that he was an adult resident citizen of Jackson County, Mississippi. *See id*. at ¶1. He

asserted that State Farm was an Illinois company with its principal place of business in Illinois, and that John Does 1-10 were nominal Defendants whose names and locations were unknown to Plaintiff. *See id.* at ¶¶ 2-3. From the face of the Complaint, there was complete diversity of citizenship.

State Farm removed the case to this Court on October 20, 2008, pursuant to 28 U.S.C. §§ 1332 and 1441, invoking this Court's diversity jurisdiction. *See* Notice of Removal. On December 22, 2008, Plaintiff filed a Motion for Leave to File First Amended Complaint to Change the Named Parties Defendant [10], pursuant to Federal Rule of Civil Procedure 15(c), seeking to name Defendants Audubon and MWUA. United States Magistrate Judge Robert H. Walker granted Plaintiff's Motion to Amend on January 9, 2009, and dismissed State Farm with prejudice. *See* Order dated Jan. 9, 2009 [13], at p. 1. Plaintiff filed his First Amended Complaint [14] on January 9, 2009, naming as Defendants Audubon, MWUA, and John Does 1-10. Audubon and MWUA then filed the present Motions.

## II. DISCUSSION

The parties do not dispute that complete diversity existed at the time of the removal in this case, and they agree that subject matter jurisdiction was later destroyed by the addition of Defendant MWUA, which all parties concede is a citizen of Mississippi. Audubon and MWUA contend in their Motions that the case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, while Plaintiff argues that this case should be remanded to state court, from whence it originally came.

Diversity jurisdiction is generally determined at the time of filing, or, in a case removed from state court, at the time of removal. *See Doleac v. Michalson*, 264 F.3d 470, 477 (5th Cir. 2001). "[M]ost post-removal developments–amendment of pleadings to below jurisdictional amount or change in citizenship of a party–will not divest the court of jurisdiction but an addition of a nondiverse defendant will do so." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987) (*citing IMFC Professional Services of Florida v. Latin American Home Health, Inc.*, 676 F.2d 152, 157-58 (5th Cir. 1982)).

> 28 U.S.C. § 1447 provides, in relevant part, that
>
> (c) A motion to remand *the case* on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446 (a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, *the case* shall be remanded.
> \* \* \*
> (e) If after removal the plaintiff seeks to *join additional defendants* whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and *remand* the action to the State court.

28 U.S.C. § 1447(c), (e) (emphasis added).

In this case, Plaintiff has not joined additional Defendants as contemplated by section 1447(e). Rather, he has substituted Defendants, relying upon the relation-back provision of Rule 15(c). On the other hand, section 1447(c) speaks in terms of remanding "the case" when it appears that the district court lacks subject matter jurisdiction, not remanding claims against specific defendants. Audubon and MWUA contend that suit was never brought in state court against them, that this case therefore originated in federal court, and that remand is not an option. *See*

Joint Reply, at p. 3 (*citing Aetna Cas. & Sur. Co. v. Pendleton Detectives of Mississippi, Inc.*, 969 F. Supp. 415, 417 n.1 (S.D. Miss. 1997)).[1]  Audubon and MWUA point out that there is an identical case pending in the Circuit Court of Harrison County, Mississippi, Second Judicial District, which Plaintiff filed on March 18, 2009, which they claim necessitates dismissal of this action.  *See* Joint Supp. Reply, at pp. 1-2.

Neither Plaintiff nor Defendants have pointed to any authority specifically on point.  Before evaluating Defendants' Rule 12(b)(1) Motion, the Court must first look to statutory authority, which provides in relevant part that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); *see Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987) (stating that "[r]emand to state court, instead of dismissal, is the appropriate action if there is a lack of subject matter jurisdiction.").  Such is the case here.  Pursuant to Rule 15(c), the substitution of parties in this case relates back to the date of the original pleading, such that Audubon and MWUA were, as a legal fiction, parties to the action when it was filed in state court.  The Court also notes that, pursuant to 28 U.S.C. § 1441, a case cannot be partially removed.  The Court is therefore of the opinion that remand is appropriate in this case, and the state court will be in a better position to address the allegedly identical cases then pending before it.

---

[1] The Court notes that *Aetna* was initially filed in district court.

## III. CONCLUSION

After reviewing the relevant pleadings and evidence on file, as well as the applicable law, and for the reasons more fully stated herein, the Court finds that remand to state court is appropriate.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the above-captioned cause is hereby remanded to the Circuit Court of Harrison County, Mississippi, Second Judicial District, and that a certified copy of this Order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 29 U.S.C. § 1447(c).

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motions to Dismiss of Defendant Audubon Insurance Company, filed on February 5, 2009 [18], and of Defendant Mississippi Windstorm Underwriting Association, filed February 10, 2009 [21], are hereby **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED**, this the 8th day of June, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE